## Commonwealth v. Swingler

*P. Rand*, for Commonwealth.

*J. McAllister* and *H. Pollock*, for defendant.

TREMBATH, P. J. (Specially Presiding), January 24, 1966. — Defendant, Jesse Swingler, was tried jointly with Lonnie McIntyre before the court without a jury for a series of burglaries committed in the County of Philadelphia. At the close of the testimony, the court found defendant guilty, and the present motions for a new trial and arrest of judgment were filed.

It was stipulated on bill 755 that a burglary was committed at the home of Rebun Bolden, 110 East Herman Street, and various articles of household furnishings and shotguns were stolen. It was stipulated on bill 756 that a burglary took place at the home of Geraldine Allen, 6136 Morton Street, and household furnishings of the value of $1,000 were taken. It was further stipulated on bill 757 that a burglary was committed at the home of Daisey Boyer, 149 Pelham Road, Philadelphia, and that furnishings at the value of $300 were taken. It was further stipulated on bill 758 that the premises of Clarence Foote, 42 East Sharpnack Street, were burglarized of jewelry, stock certificates and United States Savings Bonds. It was further stipulated on bill 759 that the premises of Julia Bishop, 46 East Haines Street, were burglarized, and articles of value of $150 were taken. It was further stipulated that a burglary took place at the home of William Carr, 313 West Earlham Street, and possessions of the value of $200 were taken.

Detective Royds and Detective Matthew Zabawa interrogated defendant, and obtained from him both oral and written statements implicating him with some or all of those burglaries. The police found a man by the name of King in possession of certain tools taken in one of the burglaries, and upon questioning King, defendant Swingler was implicated and the police immediately arrested defendant Swingler. It was established that defendant Swingler was arrested January 22, 1965, and Police Officer Royds learned of his arrest and began the interrogation of defendant at 9 p.m. Detective Royds questioned defendant for two and one-half hours. Detective Zabawa took up the questioning. Detective Zabawa testified that he began his questioning at 11 p.m. and questioned initially for one-half hour. The latter detective questioned defendant Swingler together with the other burglar, King, and ques-

tioned defendant again at 2 a.m. for a period of between 1 and 2 hours and questioned defendant again at 8:30 a.m. on January 23rd. Detective Zabawa testified on cross-examination as follows:

"Q. Prior to asking Swingler any questions, did you advise him that he had a right to have a lawyer?

"A. I believe he was told".

Detective Royds was questioned as follows:

"Q. Before you questioned him, sir, did you advise him of his right to have an attorney?

"A. No, I didn't".

On a matter of this importance, the answer of Detective Zabawa that he believes that defendant was advised of his right to have a lawyer is not the equivalent that defendant was, in fact, so advised. Detective Zabawa did not testify that either he or anyone else in his presence told defendant of his right to counsel. The officers were not asked whether or not defendant was advised of his right to remain silent.

The trial court should have excluded the evidence of defendant's statements, both oral and written, because of the ruling of the Supreme Court of Escobedo v. Illinois, 378 U. S. 478, 490, 491; Russo v. New Jersey, 351 F. 2d 429; Commonwealth v. Negri, 419 Pa. 117. The decisions in the latter two cases had not been handed down at the date of trial, and, pending clarification of the Escobedo v. Illinois decision, the court received the evidence, and then entertained motion for a new trial and judgment n.o.v. to await clarification rulings. These rulings have now been made, and the court was clearly in error in admitting the testimony of defendant's oral and written statements. But, since those statements were the sole testimony connecting defendant with the burglaries, defendant's motion for a new trial must be granted.

And now, January 24, 1966, defendant's motion for a new trial is granted.